UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY LAPORTE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7181** |
| **RAY CAVIGNAC INSURANCE AGENCY, LLC, ET AL** | **SECTION: "C"** |

## ORDER AND REASONS

The Court previously ordered briefing on whether certain defendants were fraudulently joined for the purpose of preventing removal to the federal court pursuant to diversity jurisdiction. The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

Some of the defendants to this action are insurance adjustors. In his state court petition, Leroy Laporte, Jr. ("Laporte") alleges that only one of the named adjustors, Sean O'Connor ("O'Connor"), is a citizen of Louisiana. However, Allstate Insurance Company's ("Allstate") Notice of Removal states that none of the other adjustors is a citizen of Louisiana and that

O'Connor is actually a citizen of Florida.[1]  See Rec. Doc. 1.  If it is true that none of the adjustors are Louisiana citizens, they are diverse from the plaintiff and this court has diversity jurisdiction over the claims against them.[2]  However, even if any of the insurance adjustors were a citizen of Louisiana, his or her citizenship would not defeat this Court's diversity subject matter jurisdiction, because an insured has no cause of action against his insurance adjustor.  See, *Levy v. Axis Surplus Insurance Company*, 06-5733 (E.D.La. 10/23/06).

The Court also questioned the joinder of Ray Cavignac Insurance Agency, LLC ("Cavignac"), a limited liability company organized under the laws of Louisiana, i.e. a Louisiana citizen for diversity purposes.  Allstate argues that the insurance agency was improperly joined because Laporte does not state a claim against it.  Specifically, Allstate asserts that an insured does not have a cause of action against his agent for improper post-loss claims handling and adjustment.  Allstate also argues that any claims Laporte may have had against Cavignac for impropriety in procuring the insurance policy are perempted by Louisiana Revised Statute § 9:5606.

Laporte disagrees.  He asserts that an insurance agent has a duty to help the insured file claims and to timely submit proof of loss to the insurer.  Laporte asserts that his claims against Cavignac as arising out of the agency's post-loss actions.  However, in his state court petition he alleges that he only purchased the insurance because Cavignac assured him that he would be

---

[1] According to Allstate, Laporte mistakenly named "Sean" O'Connor, a citizen of Louisiana, as a defendant, when he actually meant to name "Scott" O'Connor, a citizen of Florida.  See, Rec. Doc. 1.

[2] It is undisputed that there was at least $75,000 in controversy on the date of removal.  See, Rec. Doc. 1.

fully insured for a covered loss.  He did not address this claim or whether it is perempted by Louisiana Revised Statute § 9:5606 in his memorandum.

"The burden of persuasion placed upon those who cry 'fraudulent [improper] joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  The removing party must demonstrate that there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court.  *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994).  This, "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. . ." *Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568, 572 (5th Cir. 2004) (en banc); see also, *Melder v. Allstate Corp*., 404 F.3d 328. 330 (5th Cir. 2005) ("[A]t issue is whether Defendants have established there is no reasonable basis Plaintiff might be able to recover under Louisiana state law against the non-diverse defendant. . .")  A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder.  *Smallwood*, 385 F.3d at 572.

The Court's determination can be made in two ways: (1) by undertaking a Rule 12(b)(6) - type analysis to determine whether the complaint states a claim against the in-state defendant or (2) whether a claim has been stated by misstated or omitted discrete facts determinative of the propriety of joinder, minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* "[T]he inability of the court to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

Under Louisiana law, an insurance agent has a duty to use reasonable diligence in placing the insurance requested, to advise regarding recommended coverage and gaps in coverage and to promptly notify the client if it fails to obtain the requested insurance. *Offshore Production Contractors, Inc. v. Republic Underwriters Insurance Co.*, 910 F.2d 224 (5th Cir. 1990); *Karam v. St. Paul Fire & Marine Insurance Co.,* 281 So.2d 728 (La. 1973); *Graves v. State Farm Mutual Auto Insurance Co*., 821 So.2d 769, 2001-1243 (La. App. 3 Cir. 6/26/02); *Cambre v. Travelers Indemnity Co*., 404 So.2d 511 (La. App. 4 Cir. 1982). See also, *Southern Athletic Club, LLC v. Hanover Insurance Co*., 2006 WL 2583406 (E.D.La.) (J. Lemmon). However, an insurance agent has no independent duty to aid the insured in claims filing or adjustment. See, *Tomlinson v. Allstate Indemnity Co.,* 06-0617 (E.D.La. 5/12/06).

In *Labella Catering, Inc. v. St. Paul Fire & Marine Insurance Co.,* 2006 WL 3254488 (E.D.La.) (J. Berrigan), this Court held that an insurance agent can assume a duty to aid the insured in the claims filing and adjusting process. However, in that case, the insurance agent took steps to become actively involved. For example, that insurance agent hired a financial consultant for the plaintiff to use in conjunction with the claim presentation.

Here, there are no allegations that the agent became actively involved in the claims adjusting process. Laporte actually alleges just the opposite, specifically, that Cavignac would not answer or return phone calls or aid him in any way after the loss. Laporte does not allege that Cavignac took any actions that would show that it assumed such a duty. Thus, this case is distinguishable from *Labella Catering*, and Laporte has not stated a cause of action against Cavignac for its actions, or lack thereof, regarding Laporte's insurance claim.

Although Laporte does not address it in his memorandum, his state court petition alleges

4

that he relied on Cavignac's statements regarding his coverage when he purchased his insurance policy. Allstate argues that any claims regarding the procurement of the insurance policy are perempted by Louisiana Revised Statute § 9:5606.[3] Allstate points out that Laporte alleges that he relied on Cavignac's statements regarding his coverage when he purchased the policy in 1998 and that more than three years have elapsed.

Laporte renewed his insurance policy every year since he originally purchased it. In general, renewals of insurance policies do not operate to restart peremption. *Southern Athletic Club, LLC v. Hanover Insurance Company, et. al.,* 2006 WL 2583406 *3 (E.D.La. 2006) (citing *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 *8 (E.D.La. 2006)). However, renewals can be the basis of separate torts, if the complained of conduct constitutes separate and distinct acts, which give rise to immediately apparent damages. *Biggers v. Allstate Ins. Co.,* 886 So.2d 1179, 1182, 04-282 (La. App. 5 Cir. 10/26/04). The inquiry is whether the actions of the insurance agents at the time of renewal can be construed to constitute an act separate from the initial policy procurement.

In this case, there are no allegations regarding any post-procurement statements by Cavignac or changes in the policy which induced a renewed reliance by Laporte. The only mention of reliance is at the time of the original purchase. Thus, this case is distinguishable

---

[3] Louisiana Revised Statute § 9:5606 provides in relevant part:
   A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

from those in which this court found that the plaintiff may have relied on the insurance agent's statements at the time of the policy renewals.  See, *Fidelity Homestead Ass'n v. Hanover Ins. Co.,* 2006 WL 2873562 (E.D.La.) (J. Berrigan); *Three X, L.L.C. v. Lexington Ins. Co.*, 2006 WL 3142276 (E.D.La.) (J. Berrigan). Therefore, any procurement claims against Cavignac are perempted by Louisiana Revised Statute § 9:5606

Based on the record and the law, the Court finds that the defendant has established subject matter jurisdiction. The Court is satisfied that all of the properly joined parties were diverse on the date of removal.

New Orleans, Louisiana this 29th day of November, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE