UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LEROY LAPORTE, JR.**                                            **CIVIL ACTION**

**VERSUS**                                                        **NO. 06-7181**

**RAY CAVIGNAC INSURANCE**                                        **SECTION: "C"**
**AGENCY, LLC, ET AL**

## ORDER AND REASONS

Before this Court is a Motion to Dismiss filed by defendant, Ray Cavignac Insurance Agency, LLC ("Cavignac") (Rec. Doc. 15). The plaintiff, Leroy Laporte, Jr. ("Laporte"), does not oppose the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memorandum of counsel, the record, and the applicable law, the Court finds that the Motion to Dismiss is **GRANTED.**

To prevail on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the moving party must show that the "plaintiff can prove no set of facts which would entitled it to relief." *Baton Rouge Bldg, & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 1384, 1386 (5th Cir. 1991). Conclusory allegations or legal conclusions, however, will not suffice to defeat a motion to dismiss. See, *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed

facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. U.S.*, 74 F.3d 656, 659 (5th Cir. 1996) (citations omitted).

In this case, Laporte complained that Cavignac did not aid him in the claims adjustment process and that he relied on Cavignac's statements regarding his coverage when he purchased his insurance policy in 1998. This Court previously determined that Cavignac was fraudulently joined. See, Rec. Doc. 11. The Court found that the insurance agent did not assume a duty to assist the insured in the claims filing and adjusting process. See, Rec. Doc. 11. Also, the Court found that any claims against Cavignac regarding the purchase of the insurance policy were perempted by Louisiana Revised Statute 9:5606. See, Rec. Doc. 11. Thus, Laport did not state a claim against Cavignac for which relief can be granted.

Accordingly,

IT IS ORDERED that Cavignac's Motion to Dismiss is **GRANTED**.

New Orleans, Louisiana, this 22nd day of December, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

2